IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

AHMOD HENRY,                      )
                                  )
        Petitioner,                )
                                  )
                                  )    CIV-09-1176-D
v.                                )
                                  )
JUSTIN JONES, Director,           )
                                  )
        Respondent.                )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is challenging a finding of guilt and the punishment imposed upon him in a disciplinary proceeding at Lawton Correctional Facility ("LCF"), where he is incarcerated. Respondent has moved to dismiss the Petition on the ground that Petitioner has failed to exhaust administrative and judicial remedies, and Petitioner has replied to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that Respondent's Motion to Dismiss be granted and the Petition be dismissed due to Petitioner's procedural default.

On September 14, 2007, Petitioner received a misconduct report charging him with the disciplinary offense of "fighting with another inmate." Respondent's Exhibit 2. The misconduct report charged that Petitioner was observed by three correctional officials at LCF

1

to be fighting with other inmates in the prison's dining hall. Id. Plaintiff requested a hearing and requested to call two witnesses who, he stated, would testify he did not hit them. Id. A disciplinary hearing on the misconduct charge was held on November 14, 2007, and Petitioner was found guilty of the misconduct offense. Id. Punishment, including the forfeiture of 365 days of earned credits, was imposed for the misconduct decision. Id. Petitioner appealed the misconduct decision and punishment on numerous due process grounds. Petitioner's Petition, Ex. 11. A due process review was conducted by an LCF official, and the misconduct decision was affirmed by the LCF Warden Miller on December 21, 2007. Id., Ex. 12. Petitioner received a copy of this finding on December 28, 2007. Id. Petitioner's attempts to appeal the disciplinary decision to the Director of the Oklahoma Department of Corrections ("DOC") were not successful. In a letter addressed to Petitioner dated January 4, 2007 (apparently a typographical error), Petitioner was advised by the DOC Director's Designee that he had not submitted a copy of the due process review conducted by the facility head with his appeal forms, and he was given an additional opportunity to properly resubmit his appeal. Id., Ex. 16. In letters addressed to Petitioner dated January 22, 2008, February 27, 2008, and March 20, 2008, Petitioner was advised by the DOC Director's Designee that his attempted appeals were being returned unanswered for procedural deficiencies. Id., Exs. 17-19. In the last of these letters, Petitioner was advised that "[d]ue to your continued failure to properly file this appeal, you are now out of time." Id., Ex. 19. Petitioner subsequently requested the opportunity to submit his appeal to the DOC Director out of time, but the request was denied. Id., Ex. 20.

Petitioner then filed a petition for judicial review of the disciplinary misconduct finding in the District Court of Oklahoma County pursuant to Okla. Stat. tit. 57. § 564.1. In this case, denominated <u>Ahmod Henry v. Oklahoma Department of Corrections</u>, Case No. CJ-2008, 5900, a journal entry of judgment was entered on January 8, 2009. <u>Id.</u>, unmarked exhibit. The district court denied the petition on the ground that Petitioner had not exhausted administrative remedies as required by the statute. Alternatively, the district court found that no due process deprivation occurred with respect to the challenged disciplinary decision and that some evidence support the finding of guilt. Petitioner's attempted appeal of the district court's order to the Oklahoma Court of Criminal Appeals ("OCCA") was dismissed on June 3, 2009, as untimely. In reaching the conclusion that appellate jurisdiction over the attempted appeal should be declined and the matter dismissed, the OCCA relied on Rule 15.3(A) of the Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. Tit. 22, ch. 18, app. Petition, unmarked exhibit.

I. Exhaustion of Remedies

"A threshold question that must be addressed in every habeas case is that of exhaustion." <u>Harris v. Champion</u>, 15 F.3d 1538, 1554 (10th Cir. 1994). Absent a showing of futility, exhaustion of administrative and state remedies is generally required for petitions brought under 28 U.S.C. § 2241. <u>Wilson v. Jones</u>, 430 F.3d 1113, 1118 (10th Cir. 2005), <u>cert. denied</u>, 549 U.S. 943 (2006). <u>See</u> <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (10th Cir. 2002)(under § 2241, habeas petitioner bears burden of showing he has exhausted available remedies); <u>Montez v. McKinna</u>, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is

3

generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). "The exhaustion doctrine requires a state prisoner to 'fairly present[]' his or her claims to the state courts before a federal court will examine them." Demarest v. Price, 130 F.3d 922, 932 (10th Cir. 1997) (citations omitted).

DOC has a well-established remedial process for appealing an adverse decision in a disciplinary proceeding. http://www.doc.state.ok.us/offtech/toc06.htm (DOC OP-060125, Inmate Disciplinary Procedures). Petitioner contends that he was denied the opportunity to administratively appeal the disciplinary decision. Specifically, Petitioner contends that he was unable to comply with DOC's procedural rules governing administrative appeals because he did not understand the rules and relied to his detriment on advice given to him by an inmate law clerk and correctional officials.

Petitioner's attempted administrative appeals were returned to him on three occasions with instructions as to how he could cure the deficiencies in the forms and obtain administrative review by the DOC Director's office. He apparently corrected one deficiency (failure to submit the due process review conducted by the facility head) but then failed to correctly submit his appeal because he attempted to submit additional pages in his appeal, contrary to DOC's procedural rules. Petitioner was advised of this deficiency and given another opportunity to correct the deficiency. However, Petitioner did not correct the deficiency and was advised he had submitted too many attachments with his appeal, contrary to DOC's procedural rules. In his final attempt to obtain administrative review, Petitioner was again advised that he had not corrected the deficiency and that his administrative appeal

4

was out of time. Petitioner has not shown that exhaustion of administrative remedies would be futile. See Bun v. Wiley, No. 09-1289, 2009 WL 3437831, *1 (10th Cir. Oct. 27, 2009)(unpublished op.)(recognizing futility exception to exhaustion requirement generally applies "when there has been an adverse decision disposing of the precise issue raised by the petitioner"). Petitioner failed to exhaust available administrative remedies concerning the claims raised in the Petition.

By statute, Oklahoma has provided its inmates a judicial remedy for challenging institutional disciplinary decisions on due process grounds. The Oklahoma statute, which became effective on May 10, 2005, provides in relevant part:

> In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence of the Department of Corrections.

Okla. Stat. tit. 57, §564.1(A)(Supp. 2005). This statute delineates the grounds that may be raised by the inmate in challenging the results of a disciplinary proceeding. See Okla. Stat. tit. 57, § 564.1(D). Judicial review under the statute is limited to a finding whether "due process was [ ] provided....," and the statute limits relief to another hearing "to provide due process." Okla. Stat. tit. 57, § 564.1(E).

Petitioner's contention that the state remedy provided in § 564.1 is not an adequate remedy is without merit. The statute provides Oklahoma inmates with a judicial remedy for review of disciplinary decisions involving the revocation of earned credits. "While

5

Oklahoma's statute does not afford judicial review as to the credibility of witnesses or the weight of the evidence, and limits the forms of relief a court may provide a prisoner, it does demand procedural regularity in ODOC proceedings and specifies that, if the court finds due process lacking, ODOC will be compelled to afford new proceedings compliant with the demands of due process." Magar v. Parker, 490 F.3d 816, 819 (10th Cir. 2007). The statute is an effective remedy that must be exhausted before Oklahoma inmates such as Petitioner seek federal habeas relief with respect to institutional disciplinary proceedings.

II. Procedural Default

The OCCA's denial of Petitioner's appeal as untimely, without considering the merits, is an independent and adequate state ground for the decision. "The Supreme Court has explained that if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." Id. (citing Woodford v. Ngo, 548 U.S. 81, 93 (2006)). Respondent asserts in the Motion to Dismiss that Petitioner was required to demonstrate cause for his state court procedural default. A habeas petitioner may overcome a procedural default if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Petitioner asserts that he has shown cause for his procedural default because he received the district court's Journal Entry of Judgment after the time period for appealing the district court's decision had expired. In Petitioner's § 564.1 judicial review proceeding, the

Journal Entry of Judgment was filed on January 8, 2009, in the District Court of Oklahoma County. The Oklahoma assistant attorney general who appeared for the respondent in this proceeding filed a Notice to Court in the matter certifying that a copy of the Journal Entry of Judgment was mailed to Petitioner on January 15, 2009. Petitioner contends he did not receive this document until February 2, 2009. The OCCA found that Petitioner's Petition in Error and supporting brief seeking to appeal the District Court's judgment was not filed in the appellate court until February 23, 2009, and it was therefore untimely under the OCCA's procedural rules. Rule 15.3, Rules of the Oklahoma Court of Criminal Appeals, tit. 22, ch. 18. app., provides that a petition in error must be filed with the Clerk of the OCCA within thirty days from the date the final order adjudicating the petition for judicial review is filed with the clerk of the district court. Thus, according to the OCCA's well-established procedural rules, Petitioner had six days to file his petition in error in the OCCA after he alleges he received the District Court's Journal Entry of Judgment. Petitioner could have, but did not, seek an extension of time in which to file his pleadings with the OCCA. Nor did Petitioner attempt to explain his tardy filing in his supporting brief filed in the attempted appeal. See Petitioner's Application Requesting to be Granted Leave to Supplement Exhibits per LCVR 7.1(i)(Doc. # 9), att. 1 (Brief in Support). Petitioner has not demonstrated cause for his procedural default.

The "fundamental miscarriage of justice" exception to the procedural default rule "is a markedly narrow one, implicated only in extraordinary cases where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Magar,

7

490 F.3d at 820 (internal quotation omitted). To demonstrate actual innocence, Petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995).

In support of his claim of insufficient evidence to support the disciplinary decision, Petitioner relies on the affidavits of three inmates which were included with his attempted appeal of the district court's decision in his judicial review proceeding. In one of these affidavits, the inmate attests that Petitioner did not assault him and was not involved in the "fight in or around Aug 2008." A second inmate attests in his affidavit that Petitioner was not involved in a confrontation in the dining hall "in August of 2007...." The third inmate avers that he "was never assaulted" by Plaintiff, and he did not see Plaintiff "assault anyone else on 8-14-07." Petitioner's Application Requesting to be Granted Leave to Supplement Exhibits Per LCVR 7.1(i)(Doc. # 9), att. 1 (attachments to Brief in Support). However, the misconduct report completed by Correctional Officer Montana contains the officer's statement that he observed Petitioner on August 14, 2007, fighting with three inmates. Additionally, Petitioner has not demonstrated the trustworthiness of the affiants who completed these affidavits in January 2009, long after the misconduct offense occurred. Petitioner also asserts that a videotape of the dining hall area in which the fight allegedly occurred would provide evidence of his actual innocence. However, the record contains a statement of an investigating official at LCF that no such videotape exists. Petitioner has not demonstrated a fundamental miscarriage of justice. Therefore, federal habeas review of the

8

Petition is barred as a result of Petitioner's state court procedural default, and the Petition should be dismissed on this basis.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. #8) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED with prejudice due to Petitioner's procedural default. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by     February 2nd    , 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    13th    day of     January    , 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE