# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AHMOD HENRY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) NO. CIV-09-1176-D |
| | ) |
| JUSTIN JONES, | ) |
| | ) |
| Respondent. | ) |

## O R D E R

Petitioner, a state prisoner appearing *pro se*, brought this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. Petitioner challenges the finding and punishment imposed as a result of a disciplinary proceeding at Lawton Correctional Facility, where Petitioner is incarcerated. Respondent filed a motion to dismiss the Petition, arguing that Petitioner had failed to exhaust his administrative and judicial remedies prior to filing this action. Petitioner timely responded and, on January 13, 2010, the Magistrate Judge filed a Report and Recommendation [Doc. No. 13] in which he recommended that the Petition be dismissed. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

As explained in the Report and Recommendation, the events underlying Petitioner's claims are based on his receipt of a September 14, 2007 misconduct report charging him with the disciplinary offense of fighting with another inmate. According to the misconduct report, three corrections officers witnessed this incident. Petitioner requested a hearing and, on November 14, 2007, a hearing was conducted; Petitioner was found guilty. The assessed punishment was forfeiture of 365 days of earned credits. As set forth in detail at pages 2 through 3 of the Report and Recommendation, Petitioner initiated an appeal of the decision; the decision was affirmed at the

initial review stage, and Petitioner pursued review by the Director of the Oklahoma Department of Corrections. However, his appeal was procedurally deficient; after several attempts to correctly submit the necessary documents, he was ultimately notified that his appeal was denied as untimely.

Pursuant to Okla. Stat. tit. 57 § 564.1, Petitioner then sought judicial review of the disciplinary decision by filing a petition in the District Court of Oklahoma County. As explained in detail at page 3 of the Report and Recommendation, the District Court denied relief, finding Petitioner had failed to exhaust his administrative remedies and, alternatively, finding no due process deprivation had occurred. Petitioner's appeal of this decision was dismissed as untimely.

In the Report and Recommendation, the Magistrate Judge discussed the established legal rules governing exhaustion of remedies as a prerequisite to federal habeas relief as well as the procedural bar to relief resulting from the failure to exhaust remedies. As he explained, "if state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F. 3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U. S. 81, 93 (2006)). To overcome the procedural default, a habeas petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

As the Magistrate Judge explained, Petitioner has failed to demonstrate the requisite cause and prejudice in this case. Although he contends his appeal of the state court decision was untimely because he did not receive the judgment in a timely manner, his own argument shows that he received the judgment six days prior to the appeal deadline. As the Magistrate Judge pointed out, Petitioner could have sought an extension of time in which to file his appeal; he did not.

Although Petitioner also argues that a fundamental miscarriage of justice will result if the Court does not consider his claims, the Magistrate Judge correctly pointed out that this exception is a very narrow one and is applied only in extraordinary cases where a constitutional error "has probably resulted in the conviction of one who is actually innocent." *Magar*, 490 F. 3d at 820. The Magistrate Judge concluded that the evidence in the record establishes Petitioner cannot make this showing. *See* Report and Recommendation at page 8. Having reviewed the record, the Court agrees with that conclusion.

In his objection to the Report and Recommendation, Petitioner again argues his procedural default should be excused because he did not timely receive the judgment at issue. He also contends that a change in the administrative process created confusion regarding the applicable deadlines, and he received incorrect information from an inmate legal assistant regarding the deadlines. These contentions do not, however, alter the fact that he could have sought an extension of the deadline for pursuing his appeal, but he did not do so. Nor does he offer additional argument or evidence that could support his contention that a fundamental miscarriage of justice would result from this Court's failure to consider his habeas claims.

The Court finds that the Magistrate Judge was correct in his analysis and conclusion regarding this case. Accordingly, the Report and Recommendation [Doc. No. 13] is adopted as though fully set forth herein. Respondent's Motion to Dismiss [Doc. No. 8] is GRANTED, and this action is dismissed with prejudice due to Petitioner's procedural default.

IT IS SO ORDERED this 4th day of May, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE